# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE KEITH PARKER,<br><br>    Petitioner,<br><br>    v.<br><br>THE PEOPLE OF CALIFORNIA,<br><br>    Respondent. | Case No. 1:24-cv-00158-SAB-HC<br><br>ORDER GRANTING PETITIONER LEAVE TO AMEND<br><br>ORDER DIRECTING CLERK'S OFFICE TO SEND PETITIONER BLANK HABEAS FORMS |

    Petitioner, currently housed at the Fresno County jail, is proceeding pro se with a petition for writ of habeas corpus.

    On February 2, 2024, the Court received the instant petition for writ of habeas corpus. (ECF No. 1). The petition consists of one hand-written page listing various case citations and what appears to be the case numbers of his proceedings in the California Court of Appeal, Fifth Appellate District. (Id.) There are no factual allegations whatsoever and the petition is not signed under penalty of perjury.

    Rule 4 of the Rules Governing Section 2254 Cases[1] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the

---

[1] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254.

Habeas Rule 2(c) states that a petition must:

> (1) specify all the grounds for relief available to the petitioner;
> (2) state the facts supporting each ground;
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Habeas Rule 2(d) further provides that "[t]he petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."

Here, Petitioner does not specify *any* grounds for relief available, state the supporting facts, or state the relief requested. Further, the petition is not signed under penalty of perjury. Accordingly, the Court will grant Petitioner leave to amend the petition to comply with Habeas Rule 2.

Accordingly, the Court HEREBY ORDERS that:

1. Petitioner is GRANTED leave to amend the petition;
2. Within **THIRTY (30) days** of the date of service of this order, Petitioner may file an amended petition for writ of habeas corpus; and
3. The Clerk of Court is DIRECTED to send Petitioner blank habeas forms.

IT IS SO ORDERED.

Dated:   **February 6, 2024**

UNITED STATES MAGISTRATE JUDGE