# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE KEITH PARKER,<br><br>Petitioner,<br><br>v.<br><br>THE PEOPLE OF CALIFORNIA,<br><br>Respondent. | Case No. 1:24-cv-00158-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner, currently housed at the Fresno County jail, is proceeding pro se with a petition for writ of habeas corpus.

**I.**

**BACKGROUND**

On February 2, 2024, the Court received the instant petition for writ of habeas corpus. (ECF No. 1). On February 6, 2024, the Court granted Petitioner leave to amend the petition to address certain deficiencies within thirty days. (ECF No. 4.) That same day, the Court received a "letter of modification" that did not address the deficiencies. (ECF No. 6.) To date, no amended petition has been filed, and the time for doing so has passed.

///

///

///

1

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases[1] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254.

Habeas Rule 2(c) states that a petition must:

> (1) specify all the grounds for relief available to the petitioner;
> (2) state the facts supporting each ground;
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Habeas Rule 2(d) further provides that "[t]he petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."

Here, the petition consists of one hand-written page listing various case citations and what appears to be the case numbers of his proceedings in the California Court of Appeal, Fifth Appellate District. (ECF No. 1.) There are no factual allegations whatsoever and the petition is not signed under penalty of perjury. Petitioner was provided the opportunity to address these deficiencies and has failed to file an amended petition. As Petitioner does not specify any grounds for relief, state the supporting facts, or state the relief requested, and given the petition is not signed under penalty of perjury, the Court finds dismissal without prejudice is warranted.

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE.

---

[1] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

1   Further, the Clerk of Court is DIRECTED to randomly assign this action to a District
2 Judge.
3   This Findings and Recommendation is submitted to the assigned United States District
4 Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local
5 Rules of Practice for the United States District Court, Eastern District of California. Within
6 **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file
7 written objections with the court and serve a copy on all parties. Such a document should be
8 captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned
9 United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28
10 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified
11 time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d
12 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 24, 2024**

UNITED STATES MAGISTRATE JUDGE